UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATASHA TOWNSEND,** ) | CASE NO. 1:14-cv-02700-DAP |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **ORDER ADOPTING REPORT** |
| ) | **AND RECOMMENDATION** |
| **MARC KNIPPER,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are Petitioner Townsend's Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (the "Petition"), Doc #: 1, and the Report and Recommendation (the "R & R") of Magistrate Judge Kathleen B. Burke, Doc #: 27. As discussed below, the R & R is adopted and the Petition is dismissed in part and denied in part.

**I. Procedural History**

On December 10, 2014, Townsend filed her Petition pursuant to 28 U.S.C. § 2254. Doc #: 1. In her Petition, Townsend raised four grounds for relief. Ultimately, a Return of Writ, Traverse, and Reply were all filed, and, on September 29, 2016, Magistrate Judge Kathleen B. Burke issued an R & R recommending the Court dismiss and/or deny the Petition. Doc #: 27.

On October 12, 2016, Townsend filed an Objection to the R & R. Doc #: 28.

On October 13, 2016, at 1:30 p.m., Respondent Knipper filed a Response to Townsend's Objection on the basis that it failed to meet the requirements of Local Rule 72.3(b). Doc #: 29. At 6:57 p.m. that same day, Townsend filed an Amended Objection. Doc #: 30.

## II. Legal Standard

Under the relevant statute,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see* LR 72.3(b). A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

## III. Discussion

Townsend's Objection was filed within fourteen days of the issuance of the R & R and is therefore timely.

**A. Grounds One, Two, and Four**

In Ground One Townsend argues, "[d]enial of a motion to dismiss based on Double Jeopardy and Collateral Estoppel protections under the 5th and 14th Amendments, following an acquittal is a violation of a defendant's rights." Br. in Supp. of Traverse 5, Doc #: 25-2. In

Ground Two she argues, "[a] Trial Court's denial of a motion to dismiss based on due process rights of the XIV Amendment following a request for discovery and failure to preserve evidence is a violation of a defendant's rights." *Id.* at 16. In Ground Four she argues, "[t]he Trial Court committed plain error in instructing the jury in violation of Defendant's 5th Amendment right against double jeopardy and the affirmative defense of excessive force." *Id.* at 8.

Regarding Ground One, after a thorough analysis the R & R recommends either dismissal on the basis of procedural default or denial on the merits. R & R 14, 18. Similarly, regarding Ground Two, the R & R recommends denial on the merits. Finally, regarding Ground Four, the R & R recommends dismissal as procedurally defaulted or not cognizable.

The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same

effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

Townsend has filed Objections to the R & R raising the same arguments on the merits as she presented to the Magistrate Judge in her petition, traverse, and brief—all of which the Magistrate Judge addressed in the R & R. The addition to the Amended Objection of perfunctory language, such as "Petitioner objects to the Honorable Magistrate Judge's analysis that Ground One may be subject to dismissal due to procedural default, for it is contrary to fact or law," Am. Obj. 7, is insufficient to cure this defect.[1]

The Court has thus reviewed the R & R for error and is satisfied that Magistrate Judge Burke's conclusions on the merits are correct.

**B. Ground Three**

Townsend argues in Ground Three that "The Trial Court violated Defendant's due process of law guaranteed by the XIV Amendment in denying her Motion to Dismiss for Vindictive Prosecution." Br. in Supp. of Traverse 19. The R & R recommends the Court dismiss Ground Three as procedurally defaulted because she did not preserve the issue. R & R

---

[1] Knipper argued, in response to Townsend's Objection, that Townsend had failed to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." LR 72.3(b). Shortly thereafter, Townsend filed an Amended Objection. The principal difference between the original Objection and the Amended Objection is the addition of around twenty fairly generic "objection" passages similar to the one quoted here. *See* Am. Obj. 1, 7, 9, 10, 11, 12, 15, 16–17, 24, 25, 26–27, 29, 30–31, 32, 33–34, 35, 36.

22–23. Townsend objects. Br. in Supp. of Traverse 24. In contrast to three previously-discussed grounds, Townsend has raised new procedural arguments which must be addressed, and the Court reviews the question of preservation de novo.

The Court finds Townsend has not preserved the issue of vindictive prosecution. Townsend does not dispute Knipper's contention[2] that she never filed a Motion to Dismiss for Vindictive Prosecution. Return to Writ 9 Doc #: 18. It is further abundantly clear that the state appeals court based its decision on this procedural basis, and Townsend's argument that "[t]he 8th Dist. ignored the state rules, reviewed and ruled on the merits of Petitioner's vindictive prosecution claim," Am. Obj. 25, misreads the appellate court's decision:

> In her first assignment of error, Townsend argues that the trial court erred in denying her motion to dismiss for vindictive prosecution. The record does not reflect that Townsend filed such a motion. . . . Townsend failed to raise the issue of vindictive prosecution before the trial court, and she now asks this court to find that the trial court erred by not, sua sponte, raising this argument for her and dismissing the case. We decline to do so.
> . . .
> Having failed to either file a pretrial motion to dismiss on the grounds of vindictive prosecution by the city for Townsend's successful defense of the display of license refusal charge, or otherwise raise that issue in the trial court, Townsend has not preserved the issue for appellate review, and we will not consider that issue for the first time on direct appeal.
> Even were we to assume for the sake of argument that Townsend had properly raised this issue before the trial court, we note that the timeline does not suggest vindictiveness on the part of the city.

*Cleveland v. Townsend*, 2013 Ohio App. LEXIS 5670, at **5–7, 2013 WL 6571825, at *2–3 (Ohio Ct. App. Dec. 12, 2013) (citation omitted). Moreover, Townsend's petition to the Ohio Supreme Court did not include a vindictive prosecution claim. Appellant's Mem. in Supp. of

---

[2] This question was not raised by the Magistrate Judge *sua sponte*, as Townsend seems to suggest. Am. Obj. 5, 25.

Jurisdiction at 1, 7, 9, *City of Cleveland v. Townsend*, 10 N.E.3d 737 (Ohio Mar. 12, 2014) (No. 2014-0381). Townsend did not preserve her vindictive prosecution claim.

The R & R correctly concludes that Townsend has failed to preserve the issue of vindictive prosecution and that consequently Ground Three should be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**IV. Conclusion**

Accordingly, Townsend's Objection, Doc #: 28, is OVERRULED and the R & R. Doc #: 27 is ADOPTED, and Petition, Doc #: 1, is DENIED in part and DISMISSED in part. Specifically, Ground One is DENIED on the merits, Ground Two is DENIED on the merits, Ground Three is DISMISSED as procedurally defaulted, and Ground Four is DISMISSED as not cognizable.

IT IS SO ORDERED.

*/s/ Dan A. Polster     Oct. 25, 2016*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**